## APPEAL OF E. T. MEREDITH.

Docket No. 1540.    Submitted June 10, 1925.    Decided July 10, 1925.

*George Maurice Morris, Esq.*, for the taxpayer.
*Ellis W. Manning, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and LOVE.

This is an appeal from a determination by the Commissioner of deficiencies in income tax for the calendar years 1917, 1918, 1919, and 1920, in the aggregate amount of $4,314.46. The only issue involved is the value of certain shares of stock of the Success Investment Co. as of March 1, 1913, which were sold by the taxpayer during the years 1917 and 1918.

The parties agree and stipulate: (1) That the value of the shares in question shall be determined by ascertaining the actual cash value on March 1, 1913, of a certain parcel of real estate situated in the City of Des Moines, Iowa; (2) that the minimum value of such real estate on said date was $40,000; (3) that the minimum value of the stock in question was $138.39 per share on March 1, 1913; (4) that 1/1000 part of any value of such real estate in excess of $40,000 shall be added to $138.39, and that the sum so obtained shall be accepted as the actual cash value of each share of the stock in question as of March 1, 1913.

From the allegations of the petition admitted by the Commissioner, certain depositions offered in evidence, and the stipulations of the parties, the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is an individual residing in Des Moines, Iowa. The deficiency letter notifying him of the Commissioner's final determination of additional income-tax liability for the calendar years 1917, 1918, 1919, and 1920 was mailed on November 18, 1924, and this appeal therefrom was filed with the Board on January 16, 1925.

2. Some time during the year 1911 the taxpayer purchased a parcel of real estate, approximately 82,000 square feet in area, situated on the south side of Locust Street and in varying depth extending from Seventeenth to Eighteenth Street in the City of Des Moines. At the date of such purchase the said real estate was unimproved and Locust Street was unpaved and not open for vehicular traffic along the north line of the property. Immediately after the purchase the taxpayer secured the opening of Locust Street, which was at once filled to grade, but not paved prior to March 1, 1913. Some time during the year 1912 the property was improved by the erection of a modern business building, which has been occupied and used for plant and office purposes by the Successful Farming Publishing Co. since early in the year 1913. The parcel of real estate involved was and is what is known as trackage or switch property. Main lines and switch tracks of the Chicago, Rock Island and Pacific, the Chicago, Milwaukee and St. Paul, and the Des Moines Union Railways lay along the entire southwest front of the tract on March 1, 1913.

3. Prior to March 1, 1913, the taxpayer transferred to the Success Investment Company, a corporation, all his interest in certain real property, improved and unimproved, located in the City of Des Moines and elsewhere. As full compensation for such transfers, he received all the issued capital stock of such corporation in the amount of 1,000 shares, except certain qualifying shares.

4. On August 6, 1917, the taxpayer sold and transferred 497 shares of the common stock of the Success Investment Co. to the Successful Farming Publishing Co., and received therefor the amount of $75,000; on June 25, 1918, he sold and transferred an additional 472 shares of the common stock of the Success Investment Co. to the Successful Farming Publishing Co., and received therefor the amount of $71,227.16.

5. Except certain qualifying shares, the taxpayer owned all the stock of the Success Investment Co. on March 1, 1913, and all of the stock of the Successful Farming Publishing Co. on August 6, 1917, and June 25, 1918.

6. The fair market value of the land involved in this appeal on March 1, 1913, was $120,000. The fair market value of the stock of the Success Investment Co. on March 1, 1913, was $218.39 per share.

### DECISION.

The deficiency, if any, should be recomputed in accordance with the foregoing findings of fact. Final determination will be settled on consent or on 15 days' notice under Rule 50.

GREEN took no part in the hearing or determination of this appeal.